# EXHIBIT A(1)

# EXHIBIT A(1)

Electronically Filed
07/17/2012 03:38:37 PM

CLERK OF THE COURT

1  **COMP**
   CAL J. POTTER, III, ESQ.
2  Nevada Bar No. 1988
   POTTER LAW OFFICES
3  1125 Shadow Lane
   Las Vegas, NV 89102
4  Tel: (702) 385-1954
   Fax: (702) 385-9081
5  *Attorney for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA
ooo

DR. TAM NGUYEN,

    Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, a Political Subdivision
of the STATE OF NEVADA; Police Officer
NAKAGAWA (LVMPD #5476) individually
and as Police Officer; employed by the LAS VEGAS
METROPOLITAN POLICE DEPARTMENT;
Police Officer GEIGER (LVMPD #9864) individually
and as Police Officer; employed by the LAS VEGAS
METROPOLITAN POLICE DEPARTMENT;
POLICE OFFICER JOHN DOES I-XX; and JOHN
DOES I-XX, inclusive,

A-12-665334-C

CASE NO.:
DEPT. NO.: XXVIII

**COMPLAINT**
(Jury Demanded)

COMES NOW Plaintiff, DR. TAM NGUYEN, by and through his attorney of record, CAL J. POTTER, III, ESQ., of the law firm POTTER LAW OFFICES, and for his Complaint against defendants, and each of them, jointly and severally, allege, complain and state as follows:

### PARTIES

1. At all relevant times to these proceedings, Plaintiff DR. TAM NGUYEN (hereinafter "DR. NGUYEN" or "Plaintiff") was and is a resident of the County of Clark, State of Nevada.

2. Defendant, LAS VEGAS METROPOLITAN POLICE DEPARTMENT (Hereinafter referred to as "LVMPD"), is a political entity formed and operated pursuant to the

Nevada Revised Statutes and at all times relevant herein, employed Defendant Police Officer NAKAGAWA and Police Officer GEIGER.

3. Defendant Police Officer NAKAGAWA (Hereinafter referred to as "NAKAGAWA"), is and was at all times relevant to this Complaint, a citizen of the United States of America, and a resident of the State of Nevada. He is sued in both his capacity as a police officer with the LVMPD as well as in his individual capacity.

4. Defendant Police Officer GEIGER (Hereinafter referred to as "GEIGER"), is and was at all times relevant to this Complaint, a citizen of the United States of America, and a resident of the State of Nevada. He is sued in both his capacity as a police officer with the LVMPD as well as in his individual capacity.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants herein designated as DOE OFFICERS I through XX, inclusive; and ROE CORPORATIONS I through XX, inclusive, names are presently unknown to Plaintiff who, therefore, sue Defendants by such fictitious names; when their true names and capacities are ascertained, Plaintiffs will amend the Complaint accordingly to insert the same herein.

6. Plaintiff is informed and believes and, based upon such information and belief, alleges that each of the Defendants herein designated as DOE OFFICERS I through XX, inclusive; and ROE CORPORATIONS I through XX, inclusive, is, in some manner, negligently, wilfully, contractually or otherwise responsible for the events, happenings, occurrences and injuries sustained by Plaintiffs as alleged herein. Pursuant to NRCP 10(a) and Nurenberger Hercules-Werke GMBH v. Virotek, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of Defendants designated as DOE OFFICERS I through XX are unknown at the present time; however, it is alleged and believed these Defendants were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, or of similar actions directed against Plaintiff about which she is presently unaware. As the specific identities of these parties are revealed through the course of discovery, the DOE appellation will be replaced to identify these parties by their true names and capacities. Reference herein to "Defendant" shall mean "Defendants, and each of them."

2

## FACTS COMMON TO ALL CAUSES OF ACTION

7. On or about December 29, 2010 Plaintiff was stopped by LVMPD on suspicion of driving under the influence. The arresting officer for this event was Defendant Police Officer NAKAGAWA. The Transporting officer was Defendant Police Officer GEIGER.

8. The day before his arrest, December 28, 2010 DR. NGUYEN had been admitted to Summerlin Hospital on the basis that he had suffered a stroke. When DR. NGUYEN arrived to work on the morning of December 28th at the UNLV oral surgery clinic where he is a dental instructor, his disposition was noticeably disoriented. He was ataxic, had slurred speech and was having difficulty maintaining his balance. Dr. Daniel Orr took DR. NGUYEN to Summerlin Hospital.

9. DR. NGUYEN was admitted to Summerlin Hospital on December 28, 2010. After a stat MRI, MRA and carotid ultrasounds it was determined that DR. NGUYEN would be kept at the hospital overnight and not released until the next day, December 29, 2010 which was the day that NAKAGAWA arrested Plaintiff on suspicion of driving under the influence.

10. At approximately 3 p.m. on December 29, 2010 after DR. NGUYEN had been home and resting for several hours he decided that he felt well enough to travel to the pharmacy and fill his prescriptions. While driving to the pharmacy DR. NGUYEN received a phone call from a work colleague, inquiring about his health. While on the phone with this individual DR. NGUYEN's vision became decreased and doubled and his was speech slurred. Immediately Plaintiff attempted to find a safe place to park his vehicle. DR. NGUYEN was still wearing his hospital bracelet. It should be noted that at the time it was not illegal to use a cell phone while driving.

11. It was at this moment, through his double vision, that DR. NGUYEN noticed a police officer behind him. Due to the stroke he had suffered within the last 24 hours and the likeliness that DR. NGUYEN was again suffering a stroke when stopped by Defendant Police Officer NAKAGAWA DR. NGUYEN was confused. DR. NGUYEN's vision was not correct and he was unable to speak clearly.

///

3

12. Although it was difficult for Plaintiff to articulate due to his sudden inability to speak or think clearly, DR. NGUYEN did attempt to inform Defendant Police Officer NAKAGAWA of his condition. DR. NGUYEN told Defendant Police Officer NAKAGAWA that he has recently been discharged from the hospital having suffered a stroke as indicated by the hospital identification bracelet still worn on his wrist. Plaintiff also explained to transporting officer Defendant Police Officer GEIGER that he was en route to pick up prescribed medication for his condition and that he believed he was again suffering a stroke and that he would like to be transported to a hospital. The Plaintiff's arrest was without probable cause and was pursuant to inadequate training as to the recognition of stoke victim.

13. Defendant Police Officer NAKAGAWA and Police Officer GEIGER ignored DR. NGUYEN'S request for medical attention and dismissed both pertinent and factual information regarding his medical condition. Defendant Police Officer NAKAGAWA required DR. NGUYEN to perform a field sobriety test. After unsuccessfully performing this test DR. NGUYEN was arrested and booked with a 12 hour hold on charges of driving under the influence.

14. While incarcerated at the Clark County Detention Center, Plaintiff DR. NGUYEN was unable to take the medicine that had been prescribed to him from his recent hospitalization. As a result of this he suffered a heavy headache, was very confused and could not control his bladder or bowel movements. DR. NGUYEN lost coordination, experienced muscle weakness, numbness and tingling. Plaintiff also experienced problems with his eyesight; decreased and doubled vision, difficultly walking and an inclination to fall; all of which are common symptoms experienced by individuals when they are suffering a stroke.

15. During his arrest and subsequent incarceration, DR. NGUYEN was not able to inform his wife of his whereabouts until the morning of December 30, 2010. Concerned about the sudden disappearance of her husband in his vulnerable state, Mrs. Nguyen filed a Missing Person's report with LVMPD on December 29, 2010 at approximately 6:00 p.m. When Mrs. Nguyen filed this report she provided her husband's name and license plate number, which are common ways of identifying both missing people as well as wanted fugitives.

16. Mrs. Nguyen spent the next 12 hours driving around the city of Las Vegas in the middle of the night looking for her husband. When Mrs. Nguyen would return home tired from her search she would follow up with phone calls to the police department in hopes of any information on the location of her missing husband. At this time and all relevant times stated herein DR. NGUYEN was either in the temporary custody of LVMPD or the custody of LVMPD at the Clark County Detention Center.

17. On the morning of December 30, 2010 after her husband had been a documented missing person for at least 12 hours with a detective assigned to her missing person's case Mrs. Nguyen finally received a phone call from her husband who had been released from the Clark Country Detention Center without bond. The phone call Mrs. Nguyen received from her husband coincided with what would be the last phone call she placed to the detective assigned to her search for a missing person. While on the phone with the detective assigned to her case, Mrs. Nguyen informed him that she saw her husband calling in on the other line, in turn the detective then responded that her missing person report was dismissed, and terminated their phone call. At no time was Mrs. Nguyen ever made knowledgeable of Plaintiff's wrongful arrest and incarceration.

18. Two weeks before DR. NGUYEN was scheduled to appear in Justice Court, the office of the District Attorney informed Plaintiff that they would not be filing charges against him as he had not committed any crime.

## FIRST CLAIM FOR RELIEF

### (Violation of Constitutional Rights)

19. Plaintiff incorporates herein by reference the allegations contained above as though fully set forth herein.

20. The actions of Defendants LVMPD, Police Officer NAKAGAWA, and Police Officer GEIGER constitute unreasonable and deprivation of liberty without due process of law in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

///

5

21. Defendants LVMPD, Police Officer NAKAGAWA, and Police Officer GEIGER, violated the constitutional rights of Plaintiff through unlawful detention and arrest without probable cause even though Plaintiff had not committed a crime, and by failing to provide DR. NGUYEN his prescribed medications through medical screening or constitutionally adequate medical screening.

22. Plaintiff was willfully, maliciously, and intentionally imprisoned without justification, or probable cause when DR. NGUYEN told Defendant Police officer NAKAGAWA and Defendant Police Officer GEIGER of his condition and that he was recently released from Summerlin Hospital.

23. Defendant Police Officer NAKAGAWA and Defendant Police Officer GEIGER's actions were committed with actual malice toward Plaintiff and with willful and wanton disregard to and deliberate indifference for his constitutional and statutory rights.

24. The intentional use of an unlawful detention and arrest of Plaintiff by Defendant Police Officer NAKAGAWA and Defendant Police Officer GEIGER; and as authorized by Defendants violated the following rights of Plaintiff as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution:

    A. Freedom from the deprivation of medical treatment and/or medication in violation of his Fourteenth Amendement.

    B. Freedom from the deprivation of life or liberty without due process of law and from unreasonable force in violation of the Fourteenth Amendment.

25. As a direct and proximate result of the acts and omissions of Defendant Police officer NAKAGAWA and Police Officer GEIGER Plaintiff DR. NGUYEN endured pain and further mental suffering, and he was deprived of his physical liberty all in excess of $10,000.00.

26. The denial of medical treatment against Plaintiff coupled with the unlawful detention and arrest of Plaintiff by Defendants was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of Plaintiff. Plaintiff is thus entitled to exemplary damages against the individual defendants in their individual capacities all in excess of $10,000.00.

6

27. Plaintiff is entitled to compensatory and exemplary damages resulting from the violation of the aforementioned rights under 42 U.S.C. § 1983 all in excess of $10,000.00.

28. Plaintiff has been forced to pursue this action in search of justice and to enforce the provisions of 42 U.S.C. § 1983 and is therefore entitled to be awarded reasonable attorney's fees pursuant to 41 U.S.C. § 1988.

29. That as a direct result of the acts and omissions of the Defendants, and each of them, Plaintiff was caused to suffer physical and mental injury, pain and suffering, and severe emotional distress and other related costs, medical, and lost wages, including but not limited to attorney fees in excess of $10,000.00

## SECOND CLAIM FOR RELIEF

### (Monell Claim)
### (Violation of Constitutional Rights)

30. Plaintiff incorporates herein by reference the allegations contained above as though fully set forth herein.

31. LVMPD failed to adequately train, direct, supervise, or control Defendant Police Officer NAKAGAWA and Defendant Police Officer GEIGER as to prevent the violation of Plaintiff's constitutional rights.

32. At all times pertinent hereto, Defendant Police Officer NAKAGAWA and Defendant Police Officer GEIGER were acting within the course and scope of the employment and the inadequate training, supervision, direction and/or control they received as to the recognition of stroke victims was the proximate cause behind the conduct causing Plaintiff to suffer the constitutional violations. Defendant LVMPD is therefore liable for the violation of Plaintiff's constitutional rights by Defendant Police Officer NAKAGAWA and Defendant Police Officer GEIGER.

33. Plaintiff is thus entitled to compensatory damages resulting from the violation of the aforementioned constitutional rights under 42 U.S.C. § 1983 in excess of $10,000.00.

///
///

34. Plaintiff has been forced to pursue this action in search of justice and to enforce the provisions of 42 U.S.C. § 1983 and are therefore entitled to be awarded reasonable attorney's fees as part of his costs pursuant to 41 U.S.C. § 1988 in an amount in excess of $10,000.00.

35. Defendant LVMPD failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Police Officer NAKAGAWA and Defendant Police Officer GEIGER, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above all to his damage in an amount in excess of $10,000.00.

36. The unconstitutional actions and/or omissions of Defendant Police Officer NAKAGAWA and Defendant Police Officer GEIGER, as described above, were approved, tolerated and/or ratified by policy-making officers for the LVMPD. Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the LVMPD, and that such policy makers have direct knowledge of the fact that the stroke victims can be falsely imprisoned and denied medication and was not justified, but rather represented an unconstitutional display of deprivation and denial of medical screening. Notwithstanding this knowledge, the authorized policy makers within the LVMPD have approved of Defendant Police Officer NAKAGAWA and Defendant Police Officer GEIGER's actions, and have made a deliberate choice to endorse Defendants wrongful arrest and detention. By so doing, the authorized policy makers within the LVMPD have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

37. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendant LVMPD were the moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth above.

///
///

38. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff.

39. That as a direct result of the acts and omissions of the Defendants, and each of them, Plaintiff was caused to suffer physical and mental injury, pain and suffering, and severe emotional distress and other related costs, and lost wages, including but not limited to attorney fees in excess of ($10,000.00).

### THIRD CLAIM FOR RELIEF

(False Arrest / False Imprisonment)

40. Plaintiff incorporates herein by reference the allegations contained above as though fully set forth herein.

41. Defendant Police Officer NAKAGAWA and Defendant Police OfficerGEIGER's conduct of arresting Plaintiff without legal or probable cause constitutes false arrest and false imprisonment.

42. As a direct and proximate result of Defendants conduct, Plaintiff has incurred special and general damages in an amount to be shown at the time of trial.

43. Defendant Police Officer NAKAGAWA and Police Officer GEIGER's conduct was committed intentionally, maliciously, and with conscious disregard to the safety of Plaintiff warranting the imposition of punitive damages.

44. Defendant Police Officer NAKAGAWA and Defendant Police Officer GEIGER were in the course and scope of their employment performing their duties as an employee of Defendant LVMPD at the date and time set forth herein.

45. Defendant Police Officer NAKAGAWA and Defendant Police Officer GEIGER in their capacity as employees of Defendants LVMPD, committed a tort upon Plaintiff.

///
///
///

46. That as a direct result of the acts and omissions of the Defendants, and each of them, Plaintiff was caused to suffer physical and mental injury, pain and suffering, and severe emotional distress and other related costs, and lost wages, including but not limited to attorney fees in excess of ($10,000.00).

47. Pursuant to the doctrine of respondeat superior, Defendants LVMPD are liable for Defendant Police Officer NAKAGAWA and Police Officer GEIGER's conduct within the scope of their employment, which directly resulted in Plaintiff's injuries and damages herein above alleged in excess of TEN THOUSAND DOLLARS ($10,000.00).

## FOURTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

48. Plaintiff incorporates herein by reference the allegations contained above as though fully set forth herein.

49. Defendant Police Officer NAKAGAWA and Defendant Police Officer GEIGER's false arrest and false imprisonment of Plaintiff was extreme and outrageous causing Plaintiff to suffer emotional distress and was done without legal or probable cause.

50. As a direct and proximate result of Defendant Police Officer NAKAGAWA and Police Officer GEIGER's intentional infliction of emotional distress upon Plaintiff, he has incurred special and general damages in an amount to be shown at trial, and is further entitled to punitive damages.

51. That as a direct result of the acts and omissions of the Defendants, and each of them, Plaintiff was caused to suffer physical and mental injury, pain and suffering, and severe emotional distress and other related costs, and lost wages, including but not limited to attorney fees in excess of ($10,000.00).

WHEREFORE, Plaintiff DR. TAM NGUYEN expressly reserving the right to amend this Complaint at the time of trial to include all items of damage yet ascertainable, demands Judgment against each of the Defendants, and for the above claims for relief, as follows:

///

1. For general damages in a sum in excess of TEN THOUSAND DOLLARS ($10,000.00) for pain and suffering and emotional distress

2. For special damages for medical care and treatment, and for future medical care and treatment and incidental expenses therefor, in a sum in excess of TEN THOUSAND DOLLARS ($10,000.00);

3. For a sum in excess of TEN THOUSAND DOLLARS ($10,000.00) for pain and suffering and for extreme emotional distress experienced by Plaintiff herein;

4. For reasonable attorney's fees and costs of suit incurred herein;

5. For such other and further relief as the Court may deem just and equitable.

DATED this ___ day of July, 2012.

POTTER LAW OFFICES

By _____
CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
1125 Shadow Lane
Las Vegas, NV 89102
*Attorney for Plaintiff*