# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DR. TAM NGUYEN, | )<br>) |
| Plaintiff, | ) Case No. 2:12-cv-01527-GMN-GWF<br>) |
| vs. | ) **FINDING AND**<br>) **RECOMMENDATION** |
| LAS VEGAS METROPOLITAN POLICE<br>DEPARTMENT, *et al.*, | )<br>) Motion to Dismiss (#4)<br>) |
| Defendants. | )<br>) |

This matter comes before the Court on Defendants Nakagawa and Geiger's ("Defendants") Motion to Dismiss (#4) under Federal Rule of Civil Procedure 12(b)(6), filed on August 28, 2012. Plaintiff Tam Nguyen ("Plaintiff") filed a timely Opposition (#9) on September 13, 2012. Defendants filed a timely Reply (#10) on September 21, 2012.

## BACKGROUND

Plaintiff's Complaint (#1-2) arises out of an arrest for driving while impaired. For the purposes of this Finding and Recommendation, the factual allegations of the Complaint are taken as true. On or around December 28, 2010, Plaintiff was hospitalized after suffering a stroke. While operating a vehicle on or around December 29, 2012, Plaintiff suffered what he believed to be another stroke and parked his vehicle. Shortly thereafter, Defendants arrived at the scene. Defendants arrested him on suspicion of driving under the influence, even though Plaintiff informed them he was having a stroke, and transported Plaintiff to the Clark County Detention Center ("CCDC"). While detained at CCDC, Plaintiff suffered ailments symptomatic of a stroke, such as headaches and confusion. Plaintiff was not permitted to contact his wife, who filed a

Missing Person's report with the Las Vegas Metropolitan Police Department ("LVMPD").  On or around December 30, 2010, Plaintiff was released from CCDC without bond.  Two weeks before he was scheduled to appear in Clark County Justice Court regarding the incident, the Clark County District Attorney's Office informed him no charges were filed because he had not committed any crime.  Plaintiff filed the instant action regarding the above-described incidents, and named Defendants in their individual and official capacities.

## DISCUSSION

### I.     Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits courts to dismiss a cause of action that fails to state a claim upon which relief can be granted.  Dismissal is appropriate where the complaint does not give the defendants fair notice of a reasonably cognizable claim and the grounds on which it rests.  *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 554 (2007).  When deciding a motion to dismiss under Rule 12(b)(6), courts take all material allegations as true and construe them in the light most favorable to the plaintiff.  *NL Industries, Inc. V. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  Courts are not required, however, to accept as true unwarranted deductions of fact or unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Mere recitation of the elements of a claim, even in the form of a factual allegation, is not sufficient to survive a motion to dismiss under Rule 12(b)(6).  Rather, inferences from non-conclusory factual content must be plausibly suggestive of a claim entitling the plaintiff to relief.  *Id.*

### II.    Plaintiff's Official Capacity Claims

Plaintiff named Defendants, who are LVMPD Police Officers, in their individual and official capacities.  Defendants Nakagawa and Geiger seek to dismiss only the claims naming them in their official capacities, and not those naming them in their individual capacities.  Plaintiff argues the official capacity claims are necessary to properly plead a constitutional claim against LVMPD.  There is no need "to bring official capacity actions against local government officials," however, "because local government units can be sued directly for damages[.]" *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985).  Because suing municipal employees in their official capacities is equivalent to suing the municipal entity itself, courts may dismiss official capacity

claims as redundant where the complaint names both the officers and the municipal entity. *Center for Bio-Ethical Reform Inc. V. L.A. Sheriff Dept.*, 533 F.3d 780, 799 (9th Cir. 2008). In his Complaint (#1-1 at 7:11), Plaintiff asserts a *Monell* claim against LVMPD. The Court therefore finds that Plaintiff's claims against Defendants in their official capacities are redundant. The Court further finds that Plaintiff has not stated claims against Defendants in their official capacities upon which relief can be granted. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendants Nakagawa and Geiger's Motion to Dismiss (#4) be **granted**, and that Plaintiff's claims against Defendants in their official capacities be dismissed.

## NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Furthermore, (1) failure to file objections within the specified time, or (2) failure to properly address and brief the objectionable issues, waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 2nd day of November, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge