UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DR. TAM NGUYEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LAS VEGAS METROPOLITAN POLICE ) <br> DEPARTMENT, et al., ) <br> ) <br> Defendant. ) <br> ) | 2:12-cv-01527-GMN-NJK <br><br> **O R D E R** |

This matter comes before the Court on Plaintiff's Motion to Compel Discovery, Docket No. 29. The Court has considered Plaintiff's Motion, Docket No. 29, Defendant Las Vegas Metropolitan Police Department's Opposition, Docket No. 30, and Plaintiff's Reply, Docket No. 31. The Court finds that this motion is appropriately resolved without oral argument. *See* Local Rule 78-2.

## BACKGROUND

**I.     Factual Background**

On December 28, 2010, Plaintiff was hospitalized for a stroke. Docket No. 29, at 2. He was discharged on December 29, 2010, and at approximately 3:00 p.m. that day he decided that he felt well enough to drive to the pharmacy to fill his prescriptions. *Id*. While driving, however, his vision decreased and his speech began to slur. *Id*. Plaintiff then stopped his car and was approached by a Las Vegas Metropolitan Police Department (LVMPD) Officer.[1] *Id*.; Docket No. 30, at 2.

According to Defendant LVMPD, the officer who first interacted with Plaintiff was

---

[1] The parties dispute whether Plaintiff determined on his own that he needed to stop his car or whether the LVMPD Officer pulled the Plaintiff over.

1  Officer Dentler. Docket No. 30, at 2.  Plaintiff explained to the officer that he had recently been
2  discharged from the hospital after suffering a stroke. Docket No. 29, at 2; Docket No. 30, at 2.
3  According to Defendant LVMPD, Officer Dentler then called for a drug recognition expert to
4  respond to the scene, but when none was available, Officer Nakagawa handled the call, because
5  he had experience in the area of drug recognition. Docket No. 30, at 2.
6        Plaintiff was ultimately arrested and transported to the Clark County Detention Center by
7  a third officer, Officer Geiger. *Id*.  The parties dispute the facts surrounding Plaintiff's arrest,
8  including whether Plaintiff was given any medical care and whether he requested to be
9  transported to the hospital.  *Id*.; Docket No. 29, at 3.  While at the detention center, Plaintiff
10 asserts that he suffered stroke symptoms and was unable to inform his wife of his whereabouts
11 until the following morning. *Id*. No criminal charges were filed against Plaintiff. *Id*. at 4.

12 **II.    Procedural Background**

13       On July 17, 2012, Plaintiff filed his Complaint against Defendants LVMPD and Officers
14 Nakagawa and Geiger, individually and as Police Officers employed by LVMPD, in the Eighth
15 Judicial District Court, Clark County, Nevada. Docket No. 1-2.  The Complaint asserts four
16 claims for relief: (1) violation of Fourth and Fourteenth Amendment rights;  (2) a "*Monell*
17 Claim" (claim that Defendant LVMPD did not adequately train, direct, supervise, or control the
18 Defendant Officers); (3) a false arrest/false imprisonment claim; and (4) an intentional infliction
19 of emotional distress claim. Docket No. 1-2, at 6-11.
20       On August 27, 2012, Defendants removed the case to the United States District Court for
21 the District of Nevada. Docket No. 1.  Thereafter, the Defendant Officers moved to dismiss all
22 claims against them in their official capacities. Docket No. 4.  The Court granted that motion on
23 December 4, 2012.
24       Discovery commenced on October 17, 2012, Docket No. 15, and the current discovery
25 deadline is December 13, 2013. Docket No. 28.  Plaintiff filed the present motion on September
26 10, 2013. Docket No. 29.  In the present motion, Plaintiff seeks the disclosure of complaints
27 against the Defendant Officers while in the line of duty made by members of the public during
28 the ten years prior to the incident regarding incidents of alleged excessive force, misconduct,

1    denial of medical treatment, or false arrest. *Id*.  Plaintiff asserts that he is entitled to this

2    discovery because it will support his *Monell* claim. *Id*. Defendant LVMPD opposes making this

3    disclosure on the grounds that it is not relevant to Plaintiff's claims and that the requested

4    documents contain privileged information. Docket No. 30.

**III.    Plaintiff's *Monell* Claim**

The present motion centers around Plaintiff's *Monell* Claim, which alleges that Defendant LVMPD failed to adequately train, direct, supervise, or control the Defendant Officers as to prevent the violation of Plaintiff's constitutional rights. Docket No. 1-2, at 7.  According to Plaintiff, the Defendant Officers violated Plaintiff's Fourth and Fourteenth Amendment rights by arresting him without probable cause and by failing to provide him with medical treatment and/or medication. *Id*. at 6.  Plaintiff asserts that the policy-making officers of Defendant LVMPD were made aware of the facts surrounding this case, were aware that stroke victims can be falsely imprisoned and denied medication and, nonetheless, approved the Defendant Officers' conduct. *Id*. at 8.  Therefore, Plaintiff argues, Defendant LVMPD's failure to "hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline" the Defendant Officers, was the proximate cause of Plaintiff's deprivation of rights. *Id*.

**DISCUSSION**

**I.    Whether the Personnel Files are Relevant**

**A.    Legal Standard for Relevance**

The scope of discovery is set forth in the Federal Rules of Civil Procedure, which provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).

Relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence...." Fed.R.Evid. 401.  Relevance to the subject

- 3 -

1   matter of the litigation has been broadly construed "to encompass any matter that bears on, or
2   that reasonably could lead to other matter that could bear on, any issue that is or may be in the
3   case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  This principle is liberally
4   construed in order to provide litigants with the information essential to resolving disputed facts
5   in an expeditious manner. *See Shoen v. Shoen,* 5 F.3d 1289, 1292 (9th Cir.1993).

6        If a party fails to make disclosures or cooperate in discovery, the discovering party may
7   move for an order compelling discovery. Fed.R.Civ.P. 37(a). The moving party has the burden of
8   informing the court of the reasons that any objections are not justified and why the information
9   sought though discovery is relevant to the action. *Holley v. Swarthout*, 2013 WL 1284316, at *2
10  (E.D.Cal. March 28, 2013).

11       **B.**    ***Monell* Claims**

12       In *Monell v. Department of Social Services,* 436 U.S. 658, 690–91(1978), the Supreme
13  Court held that municipalities are "persons" subject to liability under § 1983 where "action
14  pursuant to official municipal policy of some nature cause[s] a constitutional tort." The basic rule
15  of liability is local governing bodies can be sued directly under § 1983 for monetary, declaratory,
16  or injunctive relief where "the action that is alleged to be unconstitutional implements or
17  executes a policy statement, ordinance, regulation, or decision officially adopted and
18  promulgated by that body's officers." *Id*.  "Only if a plaintiff shows that his injury resulted from a
19  'permanent and well-settled' practice may liability attach for injury resulting from a local
20  government custom." *Thompson v. City of Los Angeles,* 885 F.2d 1439, 1444 (9th Cir. 1989)
21  (overruled on other grounds) (*citing Monell*, 436 U.S. at 690–94); *see also Pembaur v. City of*
22  *Cincinnati*, 475 U.S. 469, 479–80 (1986) (plurality) ("The 'official policy' requirement was
23  intended to distinguish acts of the municipality from acts of employees of the municipality, and
24  thereby make clear that municipal liability is limited to action for which the municipality is
25  actually responsible."). "[O]fficial policy must be 'the moving force of the constitutional
26  violation' in order to establish the liability of a government body under § 1983." *Polk County v.*
27  *Dodson,* 454 U.S. 312, 326 (1981) (quoting *Monell,* 436 U.S. at 694). A "[p]olicy or custom may
28  be inferred if ... officials took no steps to reprimand or discharge the [officers involved], or if

they otherwise failed to admit the [officers'] conduct was in error." *McRorie v. Shimoda,* 795 F.2d 780, 784 (9th Cir. 1986).

**C.     Analysis**

Plaintiff seeks all documents concerning or at all relevant to any formal or informal complaint made against or about the Defendant Officers from the last 10 years. Docket No. 29, at 8. Plaintiff asserts that information about past complaints of excessive force, investigations, and discipline information within the officers' respective personnel files, "make Plaintiff's claims more likely than without [that] evidence." *Id.*, at 8. However, Defendants object to producing the personnel files on the grounds that the information within the files is irrelevant to the subject matter of the litigation. Docket No. 30, at 7. Specifically, Defendants argue that none of the prior complaints against the Defendant Officers concern wrongful arrest or failure to provide medical treatment and/or medication.[2] *Id.*, at 7-8.

Defendants note that all prior complaints against Defendant Officer Nakagawa relate to allegations that Defendant Officer Nakagawa used an excessive amount of force against an individual. *Id.*, at 3.[3] Therefore, Defendants assert, because Plaintiff has not alleged an excessive force claim, he is not entitled to evidence that the Officer Defendants used excessive force on others. *Id.*, at 7-8. Concerning Defendant Officer Geiger, Defendants assert that Plaintiff's only claim against Defendant Officer Geiger emanates out of an alleged failure to provide medical assistance. *Id.*, at 8. Therefore, according to Defendants, because none of the records pertaining to Defendant Officer Geiger relate to failure to provide medical attention, none of those records is relevant. *Id.*

Defendants, however, have failed to address Plaintiff's *Monell* claim. Plaintiff is not seeking the Defendant Officers' personnel files in order to support his claims against the Defendant Officers; rather, Plaintiff seeks the personnel files in an effort to support his claim that LVMPD's failure to fire or reprimand officers evidences a policy of deliberate indifference to

---

[2] Defendants have provided Plaintiff and the Court with a privilege log. Docket No. 30, at 37, "Exhibit B."

[3] Defendants have provided no information as to whether the complaints were sustained.

- 5 -

1 their alleged misconduct. For such a purpose, information relating to prior complaints against the
2 officers may be relevant. *See Henry v. Cnty. of Shasta*, 132 F.3d 512, 520 (9th Cir. 1997) *opinion
3 amended on denial of reh'g,* 137 F.3d 1372 (9th Cir. 1998); *see also Mejia v. City of Sacramento*,
4 177 F. App'x 661, 665 (9th Cir. 2006).

5       Importantly, however, although the majority of Plaintiff's arguments concern
6 admissibility, this Court does not determine admissibility in order to determine relevance for the
7 purpose of discovery.  Under Rule 26(b)(1) relevant information need not be admissible at trial if
8 the discovery appears reasonably calculated to lead to the discovery of admissible evidence.
9 Therefore, information that may be inadmissible at trial may nevertheless contain relevant factual
10 information that is subject to discovery.  *Smith v. Casey*, 2008 WL 2570855 (D. Nev. June 24,
11 2008).  Here, Plaintiff has shown that past information relating to past complaints against the
12 Defendant Officers may be relevant to his *Monell* claim.[4]  Before making a final determination
13 regarding the relevancy of the documents, the Court grants Defendants' request to view the
14 documents *in camera*. Docket No. 30, at 6 n. 2.

15 **II.**     **Privilege**

16       Defendants assert that, in the event that the Court finds the requested information is
17 relevant, the documents sought by Plaintiff still should not be produced because they are
18 privileged. Docket No. 30, at 8. Plaintiff disagrees. Docket No. 29, at 9. The Court will
19 determine whether the documents are privileged after reviewing them *in camera* and determining
20 whether they are relevant.

21 . . .
22 . . .
23 . . .
24 . . .
25 . . .
26 . . .
27
28     [4]The Court makes no determination as to admissibility.

- 6 -

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery, Docket No. 29, is **GRANTED in part.**

IT IS FURTHER ORDERED that Defendants will provide all documents on their privilege log to the chambers of the undersigned Magistrate Judge no later than October 24, 2013, for *in camera* review.

DATED this __17th__ day of October, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge